UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William Slavey, et al.                                    Case No. 3:25-cv-2388

        Plaintiffs,

v.                                                                    ORDER

Fidelity Life Association, et al.,

        Defendants.

On November 5, 2025, Plaintiffs invoked this Court's diversity jurisdiction when filing this action. (Doc. No. 1 at 3; Doc. No. 1-1 at 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In the Complaint, Plaintiffs set forth sufficient jurisdictional allegations for me to conclude Plaintiffs are citizens of Ohio and Missouri and Defendant Fidelity Life Association is a citizen of Illinois. (Doc. No. 1 at 2). But Plaintiffs fall short on their burden as to Defendants EFinancial, LLC, Illumifin Corporation, and Concentrix Insurance Administration Solutions Corporation. Specifically, Plaintiffs fail to set forth facts from which I can determine: (1) the identity and citizenship of all members and sub-members of EFinancial, LLC; (2) the principal place of business of Illumifin Corporation; and (3) the principal place of business of Concentrix Insurance Administration Solutions Corporation. (*See id.* at 3). Without this information, I cannot determine the citizenship of these three Defendants and verify complete diversity exists.

Relatedly, I noted that Defendants' filings thus far have alleged other deficiencies with the Complaint, including allegedly "incorrectly identified" or "erroneously sued" Defendants, (Doc. No. 10 at 1; Doc. No. 11 at 1 n.1), as well as claims that are allegedly subject to dismissal under Rule 12(b)(6). (Doc. Nos. 12 and 15).

In the interest of efficiency, I order:

1.) Counsel for all parties shall meet no later than March 2, 2026, and confer about:

   a. The identities of the proper parties to this action;

   b. The facts necessary to demonstrate the citizenship of each proper party (i.e., I urge each Defendant to provide Plaintiff with the facts required to demonstrate that Defendant's citizenship); and

   c. Whether the parties can agree any claim in the original Complaint should be omitted from the Amended Complaint.

2.) Plaintiffs shall then file an Amended Complaint no later than April 3, 2026. Should Plaintiffs so desire, they may take this opportunity to amend their claims. But at a minimum, this Amended Complaint must set forth sufficient jurisdictional allegations for me to

determine the citizenship of each party. For example, if a Defendant is an LLC, Plaintiff must:

    a. Identify each member and sub-members of the LLC Defendant, which "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); and

    b. State sufficient jurisdictional allegations for me to determine the citizenship of every member or sub-member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

3.) In light of the anticipated Amended Complaint, I deny without prejudice Defendants' partial motions to dismiss, (Doc. Nos. 12 &15), and deny as moot Plaintiffs' motion for an extension of time to respond to one of those motions. (Doc. No. 14).

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge